IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARJORIE E. GIBSON,

                                                          OPINION AND ORDER

           Defendant-Appellant,

                                                          15-cv-783-bbc

    v.

THOMAS KREISCHER, VICKY KREISCHER,
and MARJAC, INC.,

           Plaintiffs-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The question in this bankruptcy appeal is whether appellees Thomas Kreischer, Vicky Kreischer and Marjac, Inc. are entitled to a finding as a matter of law that a $200,000 claim they have against appellant Marjorie Gibson is nondischargeable under 11 U.S.C. § 523(a)(4), which applies to debts incurred as a result of "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Relying on a Minnesota state court default judgment against appellant and in favor of appellees, the bankruptcy court found that appellees had proven the elements for both embezzlement and defalcation while acting in a fiduciary capacity.

Appellant challenges the bankruptcy court's decision on two grounds. First, appellant argues that the state court judgment does not include the necessary findings needed to prove as a matter of law a claim for embezzlement or defalcation while acting in a fiduciary capacity. In the alternative, appellant argues that it would be "fundamentally unfair" to give

1

preclusive effect to the state court judgment. Because I conclude that the state court judgment includes the necessary findings to prove embezzlement under § 523(a)(4) and that appellant has failed to show that she was treated unfairly by the state court, I am affirming the judgment of the bankruptcy court.

OPINION

Like so many legal disputes, this one arose out of a business relationship that did not turn out as the parties had hoped. Both appellant and appellees were independent contractors for FedEx, each with their own delivery routes. In response to new requirements imposed by the company, the parties decided to join forces and create a new company, Marjac, Inc. The crux of appellees' underlying claim is that appellant began embezzling revenue from Marjac and using it for her own companies instead of giving appellees their fair share. (Appellees brought other claims as well, but they are outside the scope of the appeal.)

Appellees sued appellant in Minnesota state court, where the case went to trial, after multiple delays caused by appellant's conduct. (The state court complaint is not part of the record, so it is not clear what each of appellees' claims were.) Appellant failed to appear in court on the third day of trial, even though the court had warned her about the consequences of failing to appear. The court granted appellees' motion for a default judgment and awarded damages to appellees, including $200,487 for appellant's retention of revenue that belonged to appellees. Accompanying the judgment were 50 findings of fact and 10 conclusions of law.

When appellant filed for bankruptcy protection in the United States Bankruptcy Court for the Western District of Wisconsin, appellees initiated an adversarial proceeding in which they argued that the $200,000 award of damages was nondischargeable under 11 U.S.C. § 523(a)(4). The bankruptcy court agreed and granted appellees' motion for summary judgment, concluding that appellant's conduct qualified as "embezzlement" and "defalcation while acting in a fiduciary capacity," so she could not discharge the debt. Because I agree with appellees that appellant's conduct qualifies as embezzlement, I am affirming the bankruptcy court's judgment. This makes it unnecessary to decide whether appellant's conduct qualifies as "defalcation while acting in a fiduciary capacity."

Both the parties and the bankruptcy court cite <u>Matter of Weber</u>, 892 F.2d 534, 538-39 (7th Cir. 1989), for the elements of embezzlement under § 523(a)(4): (1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit. Appellant does not deny that she appropriated funds for her own benefit, but she says that there was insufficient evidence for the bankruptcy court to find as a matter of law that she acted fraudulently. Rather, she says, the bankruptcy court should have denied appellees' motion for summary judgment and allowed the case to proceed to trial to determine her intent.

In reaching a contrary conclusion, the bankruptcy court relied exclusively on the Minnesota state court's findings of fact and conclusions of law. The bankruptcy court framed the question as one of issue preclusion. (Neither side argues that the court should have considered the related doctrine of claim preclusion, so I do not consider that question.)

3

The court recognized that, under 28 U.S.C. § 1738, a federal court must give a state court judgment "the same preclusive effect that the state courts that issued the judgments would give them," DeGuelle v. Camilli, 724 F.3d 933, 936-37 (7th Cir. 2013), which means that the Minnesota standard for issue preclusion (also known as collateral estoppel) applies. That standard has four elements: (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. Illinois Farmers Ins. Co. v. Reed, 662 N.W.2d 529, 531 (Minn. 2003). Appellant does not deny that the state court judgment satisfies the second and third elements. However, with respect to the first element, appellant argues that the state court never decided whether she acted fraudulently. Alternatively, she argues that it would be unfair to give preclusive effect to the state court judgment because that court attempted to craft its findings of fact with the purpose of preventing her from discharging her debts.

    I disagree with both of appellant's arguments. With respect to the question whether the state court found that appellant acted fraudulently, the state court included in its judgment an express finding that appellant "committed fraud against the Krieshers . . . when she . . . retained the earnings and value of the Krieshers' two routes while effectively freezing them out of the company." Appellant's Appx., dkt. #5-1, at 139.

    Appellant does not deny that the state court's finding is preclusive. However, she notes that the bankruptcy court declined to rely on that portion of the state court judgment

4

on the ground that it was not clear whether the "fraud" mentioned in the state court judgment was the type of fraud that would satisfy § 523(a)(4). The bankruptcy court's concern was that § 523(a) has a more restrictive intent requirement than Minnesota law, so a finding of fraudulent intent under Minnesota law would not necessarily be the equivalent of fraudulent intent under § 523(a). In particular, the bankruptcy court cited a case from the Court of Appeals for the First Circuit for the proposition that fraudulent intent under § 523(a)(4) requires intentional conduct as well as two cases from federal courts in Minnesota for the proposition that negligence is sufficient to show fraudulent intent under Minnesota law. Compare In re Sherman, 603 F.3d 11, 13 (1st Cir. 2010) (Souter, J.) ("[T]o amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent, . . . [for] example . . . by using entrusted money for the recipient's own purposes in a way he knows the entrustor did not intend or authorize. It is knowledge that the use is devoid of authorization, scienter for short, that makes the conversion fraudulent and thus embezzlement.") (internal citations omitted), with Schwartz v. Renville Farmers Co-op Credit Union, 44 B.R. 266, 268 (D. Minn. 1984) ("Minnesota allows simple negligent misrepresentation to support an action for fraud."), and In re Carothers, 22 B.R. 114 (Bkrtcy. D. Minn.1982) ("[A] simple negligent misrepresentation will support an action for fraud.").

If the bankruptcy court is correct that § 523(a) and Minnesota law define fraudulent intent differently, that would present a problem for the appellees. When concluding that the state court found that appellant acted fraudulently under § 523(a)(4), the bankruptcy

5

court relied on specific findings of fact accompanying the state court's judgment rather than the state court's more general conclusion that appellant committed fraud. However, as the bankruptcy court recognized in another portion of its opinion, Minnesota state courts do not give preclusive effect to findings unless those findings were essential to the judgment. State Farm Mutual Automobile Insurance Co. v. Lennartson, 872 N.W.2d 524, 534 (Minn. 2015). If negligent behavior was sufficient to hold appellant liable under Minnesota law, then the state court's findings of fact regarding appellant's intent were not necessary to the judgment and have no preclusive effect.

However, I see no need for a remand because I disagree with the bankruptcy court's initial premise that the standard for fraudulent intent is more stringent under § 523(a) than it is under Minnesota law. A Minnesota treatise was the only authority cited by the courts in Schwartz and Carrothers for the proposition that a showing of negligence is sufficient to prove fraud under Minnesota law. My own review of the case law revealed a different view. In Florenzano v. Olson, 387 N.W.2d 168, 173 (Minn. 1986), the Supreme Court of Minnesota made it clear that negligence is *not* sufficient to prove fraud: "Fraud is distinguished from negligence by the element of scienter required. Fraud is an intentional tort and scienter is an essential element. . . . Fraudulent intent is, in essence, dishonesty or bad faith. What the misrepresenter knows or believes is the key to proof of intent."

Under Florenzano, Minnesota's description of fraudulent intent is no less restrictive than the standard imposed by § 523(a)(4). Both standards require proof of scienter, which is the party's knowledge that he is being dishonest. Thus, by finding that appellant

6

committed fraud when she retained the revenue that belonged to appellees, the state court necessarily found that appellant knew that she was acting without authorization. Although my reasoning differs from that of the bankruptcy court, it is well established that an appellate court may affirm on an alternative ground that is argued by the prevailing party. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 38-39 (1989).

Appellant's remaining argument is that it would be "fundamentally unfair" to give preclusive effect to the state court's judgment. In support of a "fundamental fairness" standard, appellant cited In re Dollie's Playhouse, Inc., 481 F.3d 998, 1001 (7th Cir. 2007), which prompted appellees to object on the ground that Minnesota law, not Seventh Circuit law, is controlling. Appellees are correct, but the debate is academic because Minnesota's standard for issue preclusion requires fairness as well. Illinois Farmers Insurance, 662 N.W.2d at 531 (element of issue preclusion is that "the estopped party was given a full and fair opportunity to be heard on the adjudicated issue").

In support of her argument that the state court treated her unfairly, appellant cites a portion of the transcript in which the judge was discussing with appellees' counsel the content of a proposed default judgment. In particular, the judge stated, "I think that the language of any order that I sign should be couched in the fact that the Court views this as intentional conduct that should not be dischargeable in bankruptcy." Appellant's Appx., dkt. #5-1, at 50. Appellant argues that the court's "improper and unusual instruction . . . cast a pall of doubt over the findings of fact incorporated in the judgment, because one cannot help but question whether they are supported by evidence presented in court, or whether

they were formulated for the purpose of fulfilling the judge's instruction: to prevent [appellant] from discharging the claims in bankruptcy." Appellant's Br., dkt. #5, at 17.

Even if I agree with appellant that it was "improper and unusual" for the state court judge to give appellees' counsel the instruction he did, I do not see how the instruction unfairly prejudiced appellant. To begin with, plaintiff does not challenge the accuracy of any particular finding of fact made by the state court judge. In any event, appellant does not deny that appellees were entitled to a default judgment for fraud for her retention of earnings that belonged to appellees. Because I have concluded that such a finding was sufficient to compel a conclusion that appellant's debt is nondischargeable under § 523(a)(4), it would make no difference to the outcome of this appeal if some of the state court's subsidiary findings turned out to be wrong.

ORDER

IT IS ORDERED that the judgment of the bankruptcy court is AFFIRMED.

Entered this 13th day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

8