IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARJORIE E. GIBSON,

                                                                                         OPINION AND ORDER

                      Defendant-Appellant,

                                                                                           15-cv-783-bbc

    v.

THOMAS KREISCHER, VICKY KREISCHER,
and MARJAC, INC.,

                      Plaintiffs-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In an order dated June 13, 2016, I affirmed the judgment of the United States Bankruptcy Court for the Western District of Wisconsin in this case, concluding that a $200,000 debt that appellant Majorie Gibson owes appellees Thomas Kreischer, Vicky Kreischer and Marjac, Inc. was nondischargeable under 11 U.S.C. § 523(a)(4) because it was incurred as result of embezzlement. In particular, I agreed with the bankruptcy court's determination that a state court's earlier findings on the same issue were entitled to preclusive effect.

        Now plaintiff has filed what she calls a "motion for reconsideration." Dkt. #11. In her motion, plaintiff denies that she acted fraudulently and raises new arguments regarding why she believes she was treated unfairly in state court. In addition, she asks for an "extension of time to obtain court transcripts" so that she can "show just how unfair it would be to ask [her] to repay money [she] never took."

Plaintiff filed her motion pro se even though, up until now, she has been represented by a lawyer, who has not withdrawn from the case. Generally, this court does not accept pro se filings from represented parties, but because judgment has been entered and plaintiff's deadline for filing an appeal is approaching, I will consider the motion.

With respect to the merits, plaintiff has not shown that she is entitled to relief. Plaintiff does not explain which "court transcripts" she wants to collect, but additional evidence on the question whether she acted fraudulently is not relevant at this stage of the proceedings. The point of issue preclusion is that a party cannot relitigate an issue that has already been decided, even if she believes she can show that the first court decided the issue incorrectly.

Plaintiff seems to believe that the state court judgment should not be binding because the state court treated her unfairly. She argues for the first time (without citing any evidence) that she was unable to attend her state court trial for medical reasons, so it was unfair for the state court to enter default judgment against her. Although issue preclusion may not apply if a litigant did not have a fair chance to present her case the first time, plaintiff had an opportunity to raise issues of unfairness in both the bankruptcy court and in this court before judgment was entered. Plaintiff cannot use a motion for reconsideration to raise new arguments that could have been presented earlier. United States v. 47 West 644 Route 38, Maple Park, Illinois, 190 F.3d 781, 783 (7th Cir. 1999) ("A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment."); Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th

Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.").

ORDER

IT IS ORDERED that appellant Marjorie Gibson's motion for reconsideration, dkt. #11, is DENIED.

Entered this 8th day of July, 2016.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge